**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

FRANKLIN MANUEL GONZALEZ DE LA CRUZ,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*                                             Case No.:

                         Plaintiff,                  **CLASS AND COLLECTIVE**
                                                     **ACTION COMPLAINT**

                    v.                                Jury Trial Demanded

KALI CORP.,
          d/b/a KALINA BAR & GRILL,
MARIEN GROCERY CORP.,
          d/b/a CEMALYN GROCERY CORPORATION,
and CESAR RODRIGUEZ.

                         Defendants.

---

        Plaintiff, FRANKLIN MANUEL GONZALEZ DE LA CRUZ (herein, "Plaintiff"),

on behalf of himself and others similarly situated, by and through his undersigned attorneys,

hereby files this class and collective action Complaint against Defendants, KALI CORP. d/b/a

KALINA BAR & GRILL, MARIEN GROCERY CORP. d/b/a CEMALYN GROCERY

CORPORATION ("Corporate Defendants"), and CESAR RODRIGUEZ ("Individual

Defendant," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff, FRANKLIN MANUEL GONZALEZ DE LA CRUZ, is a resident of Kings County, New York.

6.      Defendants collectively own and operate two businesses at the following locations in New York:

   a.   "Kalina Bar & Grill" - 1476 Broadway, Brooklyn, NY 11221; and

   b.   "Cemalyn Grocery Corporation" - 99 Jamaica Avenue, Brooklyn, NY 11207 (collectively the "Businesses").

Defendants operate the Businesses as a single integrated enterprise, under the control of their owner, Individual Defendant CESAR RODRIGUEZ. Specifically, the Businesses are engaged in

related activities, share common ownership and have a common business purpose. Individual Defendant CESAR RODRIGUEZ owns and operates each Corporate Defendant. Employees and ingredients are interchangeable among the Businesses, and are frequently transferred between the Businesses by Defendants when needed. All the food is cooked at KALINA BAR & GRILL and then transferred to CEMALYN GROCERY CORPORATION.

7.    Defendants operate the Restaurant's through the following Corporate Defendants:

a.    Corporate Defendant KALI CORP. d/b/a KALINA BAR & GRILL, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business at 1476 Broadway, Brooklyn, NY 11221. Defendants operate KALINA BAR & GRILL through Corporate Defendant KALI CORP.

b.    Corporate Defendant MARIEN GROCERY CORP. d/b/a CEMALYN GROCERY CORPORATION, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business at 99 Jamaica Avenue, Brooklyn, NY 11207. Defendant operates CEMALYN GROCERY CORPORATION through Corporate Defendant MARIEN GROCERY CORP.

8.    Individual Defendant CESAR RODRIGUEZ is the principal and owner of both Corporate Defendants. CESAR RODRIGUEZ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. CESAR RODRIGUEZ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all times, employees could

complain to CESAR RODRIGUEZ regarding any of the terms of their employment, and CESAR RODRIGUEZ would have the authority to effect any changes to the quality and terms of their employment. CESAR RODRIGUEZ ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. CESAR RODRIGUEZ had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class Members and could reprimand employees.

9.      At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

10.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class embers was directly essential to the business operated by Defendants.

11.     All of Defendants Businesses are appropriately named in this Complaint through the relevant Corporate Defendants. Because the Businesses share identical illegal wage and hour policies, they (and the relevant Corporate Defendants) are properly named on the basis of their outstanding liability to the Class members for whom the Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff bring claims for relief as a collective action pursuant to FLSA Section 1 6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, (including but not limited to servers, food preparers, cooks, delivery persons, and cashiers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

4

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

14.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees, (including but not limited to servers, food preparers, cooks, delivery persons, and cashiers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

17.    The proposed Class is so numerous that a joinder of all members is impracticable,

and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay the minimum wage, (ii) failing to pay overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, (iii) failing to pay spread of hours premium, (iv) failing to provide Class members with proper wage statements with every payment of wages, and (v) failing to properly provide wage notices to Class members, at date of hiring and annually thereafter, per requirements of the NYLL.

19.    Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

21.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

d)  Whether Defendant properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e)  Whether Defendants paid Plaintiff and Class members the statutory minimum wage for all hours worked;

f)  Whether Defendants properly compensated Plaintiff and Class members the proper overtime compensation under the NYLL;

g)  Whether Defendants paid Plaintiff and Class members their spread of hours premium for days worked in excess of ten (10) hours per workday;

h)  Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL; and

i)  Whether Defendants provided to Plaintiff and Class members annual wage notices, as required under the NYLL.

## STATEMENT OF FACTS

24.    On or about December 12, 2018 to the present, Plaintiff FRANKLIN MANUEL GONZALEZ DE LA CRUZ was hired by Defendants to work as a delivery person for Defendants' KALINA BAR & GRILL, located at 1476 Broadway, Brooklyn, NY 11221. Defendant's employment was terminated on December 29, 2019.

25.    From the start of Plaintiff GONZALEZ DE LA CRUZ's employment until on or about November 30, 2019, Plaintiff GONZALEZ DE LA CRUZ was scheduled to work Mondays to Saturdays, from 12:00 p.m. to 10:00 p.m. for a total of sixty (60) hours per week. From on or about December 5, 2019 until his termination on or about December 29, 2019, Plaintiff GONZALEZ DE LA CRUZ was scheduled to work Mondays to Saturdays, from 11:00 a.m. to 10:00 p.m. for a total of sixty six (66) hours per week.

26.    Throughout his employment, Plaintiff GONZALEZ DE LA CRUZ was paid a fixed salary of three hundred and fifty ($350) dollars per week. This fixed salary was equivalent to around five ($5) dollars per hour, which was below the minimum wage requirements under FLSA and NYLL. Throughout his employment, Plaintiff GONZALEZ DE LA CRUZ was paid in cash. FLSA Collective Plaintiffs and Class members were similarly paid on a fixed salary basis in cash.

27.    Throughout Plaintiff GONZALEZ DE LA CRUZ's employment, he was paid a fixed weekly salary, regardless of how many hours he worked each workweek. However, there was never any agreement that Plaintiff GONZALEZ DE LA CRUZ's fixed weekly salary was intended to cover the overtime hours in excess of forty (40) that he worked. FLSA Collective Plaintiffs and Class members were similarly paid on an fixed salary basis and were not

compensated their overtime premium of time and a half for all hours worked over forty (40), even though there was never any agreement that their fixed salaries would cover overtime.

28.    Throughout Plaintiff GONZALEZ DE LA CRUZ's employment, Plaintiff GONZALEZ DE LA CRUZ worked ten (10) or more hours every workday, but he was not compensated his spread of hours premium. FLSA Collective Plaintiffs and Class members worked similar hours that regularly exceeded ten (10) per day and were not compensated their spread of hours premium.

29.    Plaintiff and Class members did not receive wage statements that were in compliance with the NYLL. Plaintiff and Class members did not receive any wage statements. Defendants failed to satisfy the requirements under the NYLL because they failed to provide wage statements for each payment period. Plaintiff and Class members also failed to receive wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

30.    Defendants failed to provide Plaintiff and the Class members with wage notices at hiring and annually thereafter. Plaintiff did not receive wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

31.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, FLSA Collective Plaintiffs and Class members.

32.    Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premiums to Plaintiff and Class members, in violation of the NYLL.

33.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

34.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

35.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

36.    Plaintiff realleges and reavers Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

37.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39.    At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

40.    At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

41.     At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) hours per workweek.

42.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

44.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

45.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and unpaid overtime, plus an equal amount as liquidated damages.

46.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

47.     Plaintiff realleges and reavers Paragraphs 1 through 46 of this class and collective action Complaint as if fully set forth herein.

48.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

49.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the statutory minimum wage to Plaintiff and Class members for their hours worked.

50.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

51.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay "spread of hours" premiums to them for each workday that exceeded ten (10) or more hours.

52.     Defendants failed to properly notify employees of their overtime pay rate, in direct violation of the NYLL.

53.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such wage statements were not provided.

54.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and annually thereafter, as required under the NYLL.

55.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime, spread of hour premiums, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wage due under the FLSA and the NYLL;

d. An award of unpaid overtime due under the FLSA and the NYLL;

e. An award of unpaid spread of hours premiums due under the NYLL;

f. An award of statutory penalties as a result of Defendants failure to comply with NYLL wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper minimum wage and overtime compensation, pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper minimum wage and overtime compensation pursuant to the NYLL;

i. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

k.  Designation of this action as a Class Action pursuant to FRCP 23;

l.  Designation of Plaintiff as a Representative of Class; and

m.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 25, 2020

Respectfully submitted,
By: ___/s/ C.K. Lee_____
       C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiff and the Class*